# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

WILLIAM APUZZO

                 Plaintiff(s),

-against-

TRANSAMERICA CAPITAL, INC.,
TRANSAMERICA FINANCIAL LIFE INSURANCE
COMPANY and
TRANSAMERICA LIFE INSURANCE COMPANY

                 Defendant(s).

Index No. [type in Index No] 55105/2020

**Summons**

Date Index No. Purchased:

To the above named Defendant(s)

Transamerica Capital, Inc., One Commerce Plaza S2020, 99 Washington Ave., Albany, NY 12210;
Transamerica Financial Life Insurance Company, 440 Mamaroneck Ave., Harrison, NY 10528;
Transamerica Life Insurance Company, 4333 Edgewood Rd, NE, Cedar Rapids, Iowa 52499.

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is Plaintiff's residence
which is 175 Huguenot St., STE 1704, New Rochelle, NY 10801

Dated: New Rochelle, NY

       March 26, 2020

                                 WILLIAM APUZZO, Pro se

                                 by _William Apuzzo_ (signature)
                                 William Apuzzo
                                 Attorneys for Plaintiff
                                 175 Huguenot St., STE 1704
                                 New Rochelle, NY 10801
                                 TEL. (917) 806-5560
                                 Email: w.apuzzo@gmail.com

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: March 25, 2020

William Apuzzo
_____
Name

William Apuzzo
_____
Firm Name

[signature: William Apuzzo]

175 Huguenot Street STE 1704
_____

New Rochelle, NY 10801
_____
Address

(917) 806-5560
_____
Phone

w.apuzzo@gmail.com
_____
E-Mail

To:   Transamerica Capital, Inc.

      Transamerica Financial Life Ins. Co.

      Transamerica Life Insurance Co.

Index #   Page 2 of 2

Served 05/29 10:25 am
Hannah Radloff

2/24/20
EF-3

## SUPREME COURT OF THE STATE OF NEW YORK

## COUNTY OF WESTCHESTER

-------------------------------------------------------------------------------X     Index No.

William Apuzzo,

                                  Plaintiff,     **Verified Complaint**

         *-against-*

Transamerica Capital, Inc.,

Transamerica Financial Life Insurance Company  and

Transamerica Life Insurance Company,

                                Defendants.

-------------------------------------------------------------------------------x

    William Apuzzo, as and for his Verified Complaint against Transamerica Capital, Inc., Transamerica Financial Life Insurance Company and Transamerica Life Insurance Company, alleges as follows:

1.  The Plaintiff William Apuzzo is a resident of the City of New Rochelle, County of Westchester, State of New York.

2.  All times hereinafter alleged, the Defendant Transamerica Capital, Inc., (hereafter "TCI") is a foreign corporation duly authorized to do business in the state of New York.

3.  And all times hereinafter mentioned the Defendant Transamerica Financial Life Insurance Company (hereafter "TFLI") is a domestic corporation doing business in the County of Westchester, State of New York.

4.  All times hereinafter alleged, the Defendant Transamerica Life Insurance Company (hereafter "TLIC") is a foreign corporation that transacts business in the State of New York with affiliates doing business in the State of New York.

5.  At all times hereinafter alleged, the Defendants TCI, TFLI and TLIC were wholly owned subsidiaries of AUSA Holding, LLC, a foreign LLC.   Upon information and belief and at all times

hereinafter alleged, AUSA Holding LLC was a wholly owned subsidiary of Transamerica Corporation.

6. At all times hereinafter mentioned Transamerica Corporation is a foreign corporation duly authorized to do business in the State of New York.

7. Upon information and belief and at all times hereinafter alleged, Transamerica Corporation was wholly owned by AEGON, NV, a Netherlands company listed and traded on the New York Stock Exchange.

8. Upon information and belief and at all times hereinafter alleged, the Defendants are members of a group of affiliated companies that engaged in the sale of variable annuities. The group of companies affiliated with the Defendants included, but was not limited to Transamerica Financial Advisors, Inc., Transamerica Investors Securities Corporation, Transamerica Premier Life Insurance Company, Transamerica Variable Funds of New York, Inc., Transamerica Asset management, Inc., Transamerica Funds, Transamerica Asset Trust, and Aegon USA Investment Management, LLC.

9. Upon information and belief and at all times hereinafter alleged the Defendants offered for sale, underwrote, sold and distributed variable annuity products to members of the general public in concert with some of their aforementioned affiliated companies.

10. Upon information and belief the Defendants directly or indirectly, or through one or more intermediaries, control or are controlled by, or are under common control with the issuers of variable annuity products underwritten, offered for sale, sold and distributed to members of the general public.

11. In May 2013, TCI was an underwriter and distributor of prospectuses offering information to attract investors to purchase securities in the form of annuities. One of the prospectuses was "Transamerica Principium III" (hereinafter the "Prospectus") which was jointly underwritten by the Defendants TCI, TFLI and TLIC.

12. This Prospectus was registered with the United States Securities and Exchange Commission (Hereinafter "SEC") as a Registration Statement which included a Statement of Additional Information.

13. Upon information and belief the Defendants also organized and registered with the SEC Separate Account VA B and Separate Account VA BNY in which they deposited proceeds from the sale of the annuities offered in the Prospectus.

14. Upon information and belief the SEC Registration for the Prospectus and Separate Accounts were amended from time to time. Upon information and belief, the latest amendments were amended and filed with the SEC within the last twelve months.

15. The Prospectus contained investment strategies, models and several portfolios in which investors allocated their premiums that were paid for their annuity. One of the portfolios offered for a premium allocation in the Prospectus was "TA Managed Risk-Growth ETF" known formerly as TA Vanguard ETF-Growth (Hereinafter "TA-Growth").

16. The Prospectus also offered a rider to the annuity contract designated as "Retirement Income Choice 1.6 Simple Life" (hereinafter "RIC 1.6"). The RIC 1.6 rider required additional quarterly payment of costs and fees to the Defendants by annuitant owners which fees were deducted from the annuitant owners' accounts in ongoing assessments during the term of the annuity contract. The additional fees were allegedly charged to offset the Defendants' risk of loss for guaranteed long term life time increased benefit payouts.

17. The Prospectus also informed annuitant owners that they would be charged a penalty for early withdrawals or surrenders of their accounts calculated on the number of years from the date of purchase.

18. The early withdrawal or surrender penalty ranged from 5% in the First year to 1% in the Fifth year for all amounts over 10% withdrawn annually from the annuitants' accounts.

19. On October 18, 2013 and on August 12, 2014, the Plaintiff, relying on the information in the Prospectus, purchased two of the Transamerica Principium III annuities containing the strategy and model subaccount portfolio TA-Growth. The Plaintiff also contracted to pay for the extra costs and fees RIC 1.6. rider in each annuity.

20. The Plaintiff's annuities were sold through the Defendants' authorized agent National Planning Corporation. National Planning Corporation is a broker dealer registered with the SEC. It is a foreign corporation authorized to do business in the State of New York. The Plaintiff's annuities were executed under the supervision of one of National Planning Corporation's sub-agents, Lexco Wealth Management Inc., a registered SEC broker dealer. Lexco Wealth Management Inc. is a domestic corporation whose headquarters is in the County of Westchester, State of New York.

21. The Plaintiff's annuity securities offered in the Prospectus were co-underwritten and issued by the Defendant Transamerica Life Insurance Company (TLIC). The annuity contract purchased on October 18, 2013 was assigned policy number ███████3PM3. The annuity contract purchased on August 12, 2014 was assigned policy number █████3PM3.

22. The initial premium Plaintiff paid for policy number ▮▮▮▮3PM3 was $99,500. Additional policy premiums were paid as follows: $99,000 on May 14, 2014, $61,290 on July 18, 2014 and $46,200 on October 15, 2014.The total premiums paid for this annuity by Plaintiff was $305,990. The initial policy premium Plaintiff paid for policy number ▮▮▮▮3PM3 was $45,057.05. Additional policy premiums for the second annuity were paid as follows: $32,800 on August 22, 2014, $1,740 on August 25th 2014 and $6,500 on April 20th 2015.

23. Upon information and belief the Defendants benefited directly or indirectly by the sale of the aforementioned variable annuity policies sold to the Plaintiff.

24. On or about February 8, 2016 the Plaintiff informed the Defendants' authorized agent that he was unhappy with these annuities which were losing market value and still having large quarterly fees for the RIC 1.6 rider and other costs deducted from his account by the Defendants.

25. The Plaintiff was then informed by the Defendants' agent that he could get the refund of premiums he paid by electing the Automatic Systematic Payout Option that was offered in the Prospectus. The Systematic Payout Option would allow annual withdrawal of 10% of the premiums he paid without a penalty for early withdrawal but his premiums would have to remain on deposit for the remainder of five years. That Systematic Payout would also cancel any guaranteed for life income because the contract would end in five years. The Plaintiff elected the automatic Systematic Payout of the amount that could be returned each year without penalty.

26. The Plaintiff was informed by Defendant TLIC that the Systematic Payout he elected would have a negative impact on his living benefit withdrawal amount provided by the annuity rider RIC 1.6. That alleged negative impact would have no effect on the Plaintiff because he no longer wanted nor required guaranteed for life income growth as provided by RIC 1.6. Despite Plaintiff's election of the Systematic Payout the Defendant TLIC continued to deduct from his account the costly fees for the guaranteed income growth rider RIC 1.6.

27. On or about May 18, 2016 the Plaintiff received a letter from Defendant TLIC correcting information previously given to him. The letter informed him that Systematic Payout withdrawals from Plaintiff's accounts would be from the policy's value at the time of any withdrawal, not the amount of his premiums paid. The letter advised that the TA-Growth variable annuity portfolios owned by Plaintiff did not guarantee the return of Plaintiff's premiums. The letter stated that in this type of variable annuity policy the owner, not the company, accepted the investment risk.

28. On May 4, 2016 the Plaintiff withdrew $150,000 from his account policy number ▮▮▮▮3PM3 and he was penalized $5,532 for that early partial withdrawal. That penalty was

deducted from his policy value. After that date, in order to avoid further penalties, the Plaintiff was required to leave the balance of his accounts with the Defendants except for the Systematic Payout of annual allowable non-penalty withdrawals.

29. The last payment for account Number ▮▮▮▮3PM3 was received on or about November 20, 1019. Upon receiving the last payment Plaintiff's account was finally closed. The policy account number ▮▮▮▮3PM3 was closed on April 24, 2020 upon the expiration of the five year waiting period for surrenders without penalty for early withdrawal.

30. On or about August 27, 2018, the United States Securities and Exchange Commission published its findings in SEC Commission Proceeding File No. 3-18681 and imposed remedial sanctions against the Defendant TCI and three of its affiliated companies, AEGON USA Investment Management, LLC, Transamerica Asset Management, Inc., and Transamerica Financial Advisors, Inc.

31. Upon information and belief the SEC found that the Defendant TCI and its three affiliated companies violated the Federal Securities laws and regulations between July 2011 and June 2015.

32. Upon information and belief the SEC found that Defendant TCI unlawfully offered, sold and marketed variable annuity investment portfolios and separately managed account strategies which included, but were not limited, to the Plaintiff's variable annuity policies portfolio TA-Growth.

33. Upon information and belief, the Plaintiff's annuities were fraudulently marketed as being based upon model supported investment strategies that worked, as represented in various prospectuses. The fraudulently misrepresented strategies that were contained in various prospectuses included the Prospectus for Transamerica Principium III relied upon by Plaintiff. Upon information and belief, the SEC found that the Defendants failed to confirm that their investment model actually worked as was represented before underwriting and distributing the Prospectus in May 2013.

34. Upon information and belief the aforementioned facts were known and withheld by the Defendants as late as the summer of 2013 although the Defendants' affiliates discovered them in an audit in 2011. The Defendants failed to disclose to the general public and investors such as Plaintiff that any conduct by them violating the securities and exchange laws was being investigated or charged. The Defendants finally disclosed the SEC investigation in a supplement to the Prospectus in 2018.

35. Upon information and belief during the times alleged, the Defendants failed to exercise ordinary prudence in the operation and management of their business.

36. Because of the Defendants' fraudulent misrepresentations in the Prospectus dated May 1, 2013, Transamerica Principium III, the Plaintiff suffered monetary damages.

37. The fraud and misrepresentation by the Defendants was the proximate cause of Plaintiff's monetary damages.

38. The Plaintiff suffered monetary damages due to the Defendants' violation of the U.S. Securities and Exchange Act, US Code Title 15 Ch. 2A Sec. 77, *et. seq.*, statutes making it unlawful to use U.S. mail to make any untrue statements or omissions of material fact with the offer of the sale of any security, USC 15 Ch. 2A sec 12 (2). The Defendants violated New York State law, including but not limited to New York General Business Law Section 349 concerning deceptive business practices.

39. The State of New York has manifest interest in providing redress for its residents when underwriters such as the Defendants violate Federal and State law. The Courts of the State of New York have concurrent jurisdiction with the Federal Courts over the Defendants to hear and decide claims by the Plaintiff for damages due to Defendants' securities fraud and misrepresentation as alleged herein.

40. The Plaintiff repeats the allegations contained in this Complaint paragraphs 1 – 39 as fully included in the following allegations.

41. Because of the Defendants fraud, misrepresentations, deceit and violation of law the Plaintiff was damaged by the wrongful and unlawful withholding, under threat of penalty for early withdrawal, of the premiums he had paid to the Defendants and for the value of his account number ▇▇▇▇3PM3 from October 18, 2013 until November 19, 2019.

42. Because of the Defendants' fraud, misrepresentations, deceit and violation of law the Plaintiff was damaged by the wrongful and unlawful withholding, under threat of penalty for early withdrawal, of the premiums he had paid to the Defendants and for the value of his account number ▇▇▇▇3PM3 from August 12, 2014 to April 24, 2020.

43. As at November 19, 2019, the date of the final installment of the Systematic Payout to Plaintiff of his account number ▇▇▇▇3PM3, the Plaintiff was damaged in the sum of $13,591.19 for loss of premiums paid and wrongfully withheld.

44. From October 18, 2013 until November 19, 2019, the Defendants directly and indirectly unlawfully charged and deducted management costs, commissions and additional fees from Plaintiff's account number ▇▇▇▇3PM3 to pay for the policy and guaranteed life income rider RIC 1.6. The Plaintiff demands disgorgement and repayment to him of those unlawfully charged fees and costs in the sum of $13,039.71 and the Plaintiff has been damaged thereby.

45. From August 12, 2014 through February 12, 2020 the Defendants directly and indirectly unlawfully charged and deducted management costs, commissions, and additional fees from

Plaintiffs account number ▮▮▮3PM3 to pay for the policy and guaranteed life income rider RIC 1.6. The Plaintiff demands disgorgement and repayment to him of those unlawfully charged fees and commissions in the sum of $17,628.15 and the Plaintiff has been damaged thereby.

46. On or about May 4, 2016 the Defendants directly, indirectly, wrongfully and unlawfully charged and withdrew from the Plaintiff's account number ▮▮▮3PM3 the sum of $5,532.28 as a penalty for an early partial surrender of this account. The Plaintiff has been damaged by reason of this penalty and demands $5,532.28 to be disgorged by the Defendants and repaid to him.

47. Upon the public's discovery of the Defendants' unlawful behavior and mismanagement as heretofore alleged, from October 18, 2013 through November 19, 2019 the Plaintiff's account number ▮▮▮3PM3 lost value. The Plaintiff was damaged due to the loss of his account's value in the median amount of $45,000.

48. Upon the public's discovery of the Defendant's unlawful behavior and mismanagement as heretofore alleged, from August 12, 2014 through April 24, 2020, the Plaintiff's account number ▮▮▮3PM3 lost value. The Plaintiff was damaged due to the loss of his account's value in the median amount of $27,508.09.

49. As a result of the settlement of the SEC action against the Defendant TCI and its affiliates, they were ordered to deposit monies in an Affected Investor Fund for pro rata payments to investors who were damaged by their violations of the U.S. Securities laws. On or about March 30, 2020 the Plaintiff, an affected investor, received a distribution from the Affected Investors Fund of $3,000.22 for his investment in account number ▮▮▮3PM3 and $1070.28 for his investment in account number ▮▮▮3PM3. The Plaintiff credits the sum of $4070.50 against his damages of $108,708.23 and his damages are thereby reduced to the sum of $104,637.73.

WHEREFORE, the Plaintiff respectfully prays for a judgment against the Defendants in the sum of $104,637.73 with interest from the median date of October 18, 2016, the costs and fees of this action and for such other and further relief as to this Court deems just and proper.

Dated: New Rochelle, NY

March 25, 2020

Yours, etc.

WILLIAM APUZZO, *pro se*

 -S-William Apuzzo

175 Huguenot St. Ste 1704

New Rochelle, NY 10801

Tel. (917) 806-5560

Email: w.apuzzo@gmail.com

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF WESTCHESTER

-----------------------------------------------------------------X

William Apuzzo,

                        Plaintiff,

      -against-

Transamerica Capital, Inc.,

Transamerica Financial Life Insurance Company and

Transamerica Life Insurance Company,

                        Defendants.

-----------------------------------------------------------------X

Index No.

VERIFICATION

State of New York      )

County of Westchester ) ss.:

William Apuzzo, the plaintiff *pro se*, being duly sworn, affirms that he has read the allegations of the Verified Complaint and the same are true to my personal knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters believe them to be true.

                                                                                */s/ William Apuzzo*
                                                                                William Apuzzo

Sworn to before me this

25 day of March, 2020

*/s/ Nicole Apuzzo Filannino*

Notary Public

NICOLE APUZZO FILANNINO
Notary Public, State of New York
No. 01FI6321975
Qualified in Westchester County
Commission Expires 12-27-2021

FILED: WESTCHESTER COUNTY CLERK 05/25/2020 07:22 AM       INDEX NO. 55105/2020
NYSCEF DOC. NO. 9    Case 7:20-cv-04866-PMH   Document 1-1   Filed 06/25/20   Page 12 of 12   RECEIVED NYSCEF: 05/25/2020

# SUPREME COURT OF THE STATE OF NEW YORK

# COUNTY OF WESTCHESTER

**Westchester County Index No. _____**

_____

**William Apuzzo,**

                                     **Plaintiff,**

*-against-*

**Transamerica Capital, Inc., Transamerica Financial Life Insurance Company, and Transamerica Life Insurance Company,**

                                     **Defendants.**

_____

**Summons and Verified Complaint**

_____

WILLIAM APUZZO

*Plaintiff Pro Se*

175 Huguenot St. Ste. 1704

New Rochelle, NY 10801

Tel. (917) 806-5560

_____

Dated: March 25, 2020

                                                    Signed: _William Apuzzo_